IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LINDA MICHAEL,

    Petitioner,

v.                                    Case No. 4:22cv414-MW/MAF

RICKY D. DIXON, Secretary,
Department of Corrections,

    Respondent.
_____/

**ORDER and AMENDED REPORT AND RECOMMENDATION
TO DENY MOTION TO TRANSFER AND DIRECT RESPONDENT
TO FILE ANSWER**

On or about November 15, 2022, Petitioner Linda Michael, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the execution of her sentence. ECF No. 1. By order on November 29, 2022, this Court explained the petition is governed by both 28 U.S.C. 2254 and 28 U.S.C. § 2241, *see* Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004), and Medberry v. Crosby, 351 F.3d 1049, 1053-54 (11th Cir. 2003), and directed Respondent to file an answer, motion, or other response on or before February 27, 2023. ECF No. 5. On or about December 1, 2022, Petitioner filed a "Notice to Invoke Statutory Equitable Tolling." ECF No. 6. On January 3, 2023, Respondent filed a Motion to

Transfer Case. ECF No. 9. On or about January 12, 2023, Petitioner mailed a Reply to Respondent's Motion to Transfer. ECF No. 11.

This Court entered a Report and Recommendation in this case on January 19, 2023. ECF No. 10. Soon thereafter, the Clerk's Office docketed Petitioner's reply, which the Clerk had received January 18, 2023. ECF No. 11. Accordingly, this Amended Report and Recommendation includes references to the reply. The January 19, 2023, Report and Recommendation, ECF No. 10, is hereby vacated.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the motion to transfer should be denied and Respondent should be directed to file an answer, motion, or other response to the habeas petition.

## Analysis

In the motion to transfer, Respondent states that "Petitioner seeks relief from a state court judgment of conviction and sentence in Martin

County Circuit Court case number 1992-CF-502." ECF No. 9 at 1. Respondent asserts that, "[u]nder 28 U.S.C. § 2241(d), venue in federal habeas is proper in the jurisdiction of U.S. District Court in either the applicant's state court of conviction or place of custody." *Id*. at 2. Respondent explains that Martin County is in the West Palm Beach Division of the Southern District of Florida, and Petitioner Michael is serving her sentence at the Oklahoma Department of Corrections, in McCloud, Oklahoma. *Id*. Respondent thus concludes that "venue does not lie in the Tallahassee Division of the Northern District of Florida," and requests this Court transfer the case to the West Palm Beach Division of the Southern District of Florida, "the appropriate venue in this cause where state court records associated with Petitioner's case and persons who are familiar therewith are located." *Id*.

As already explained by this Court, however, Petitioner Michael challenges the execution of her sentence, not her conviction. *See* ECF No. 5; ECF No. 1. Among other things, Petitioner asserts she is wrongfully imprisoned "beyond a maximum legal constitutional term of 40 years," ECF No. 1 at 23, and the Office of Executive Clemency denied her petition "in violation of the rules of clemency [which] required a notice of hearing and

decision," *id*. at 14. She says she exhausted her state remedies by filing a petition for writ of mandamus in the Second Judicial Circuit, Leon County, and appealing the denial thereof to the First District Court of Appeal (First DCA). *Id*. at 14-16. She has several attachments to her petition, including correspondence from the State of Florida, Office of Executive Clemency, Tallahassee, Florida, which indicates her letter to the Governor has been forwarded to the Florida Commission on Offender Review. *See* ECF No. 1-1 at 14 (Exhibit C). She has also attached a copy of the First DCA's per curiam affirmance of her appeal in case No. 1D21-1828. *See* ECF No. 1-1 at 15 (Exhibit D).

In her Notice to Invoke Statutory Equitable Tolling, Petitioner appears to argue her petition is timely. ECF No. 6. She again indicates the Governor denied her petition for executive clemency/commutation and she has exhausted all available state remedies. *Id*. at 1. Notably, the Eleventh Circuit Court of Appeals has held that "[p]etitions under § 2254 cannot be brought to challenge the process by which clemency decisions are made when the issuance of a writ would not actually or impliedly invalidate a sentence." <u>Valle v. Sec'y, Fla. Dep't of Corr.</u>, 654 F.3d 1266, 1267 (11th Cir. 2011).

In her Reply to the Motion to Transfer, Petitioner points out that Respondent has incorrectly referred to her as Linda Mitchell, rather than Linda Michael. ECF No. 11 at 1. She explains that she exhausted her claims in the state courts within the Northern District of Florida. *Id*. at 2. She also indicates that she "in general needs to secure relief without further delay, and has no objections to a lawful jurisdictional transfer of the case in the interest of justice." *Id*. at 3.

Michael filed this petition in the Northern District, the district in which the Office of Executive Clemency and the Florida Commission on Offender Review, as well as the Florida Department of Corrections and Florida Attorney General, have headquarters. *See, e.g*., <u>Gaines v. Fla. Comm'n on Offender Review</u>, No. 4:14cv588-RH/GRJ, 2018 WL 3242698 (Report and Recommendation to deny habeas petition brought pursuant to § 2254, later amended as filed under § 2241, challenging execution of sentence imposed by Seventh Judicial Circuit, Putnam County), *adopted by order of district judge* (N.D. Fla. Mar. 28, 2018), *affirmed*, <u>Gaines v. Att'y Gen., State of Fla.</u>, 788 F. App'x 623 (11th Cir. 2019). At this point, nothing indicates the validity of her claims can be resolved in the Southern District any more conveniently than in this District.

Accordingly, it is **ORDERED** that the Report and Recommendation entered January 19, 2023, ECF No. 10, is **VACATED**.

## Recommendation

It is respectfully **RECOMMENDED** that Respondent's motion to transfer this petition (ECF No. 9) be **DENIED**. It is further recommended that Respondent be directed to file an answer, motion, or other response to the habeas petition within thirty (30) days of the order adopting this Report and Recommendation, if the district court agrees, and that Petitioner be permitted to file a reply within thirty (30) days after service of Respondent's answer, motion, or other response.

**IN CHAMBERS** at Tallahassee, Florida, on January 20, 2023.

> S/ Martin A. Fitzpatrick
> MARTIN A. FITZPATRICK
> UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the magistrate judge's findings or

**recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv414-MW/MAF