# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LINDA MICHAEL,**

    **Petitioner,**

v.                                **Case No. 4:22cv414-MW/MAF**

**RICKY D. DIXON, Secretary,**
**Florida Department of Corrections,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about November 15, 2022, Petitioner Linda Michael, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the execution of her sentence. ECF No. 1. This Court previously denied Respondent's motion to transfer this petition to the Southern District of Florida. *See* ECF Nos. 14 (Order), 13 (Report and Recommendation), 9 (Motion to Transfer Case). Thereafter, Respondent filed a motion to dismiss the petition as untimely. ECF No. 23. Petitioner has filed a reply. ECF No. 29.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the

disposition of this matter. See Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed and Respondent's motion should be denied as moot. See Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Arguments

Petitioner Michael is serving a life sentence, imposed December 11, 1993, having been tried and convicted of second degree murder in Florida's 19th Judicial Circuit, Martin County, case number 93-502. See ECF No. 1, Ex. 3. The Fourth District Court of Appeal affirmed the conviction and sentence, without a written opinion. Michael v. State, 654 So. 2d 1173 (Fla. 4th DCA 1995) (table). Michael is serving her sentence in Oklahoma under the Interstate Compact. See ECF No. 23 at 1.

Michael has filed numerous pro se motions, including a pro se motion to correct, mitigate, or modify her sentence pursuant to Florida Rule of Criminal Procedure 3.800. See Michael v. Crosby, 430 F.3d 1310, 1314 (11th Cir. 2005). With court-appointed counsel, she sought post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising 32 claims.

*See id*.  After a five-day evidentiary hearing, the state post-conviction trial court denied relief and the state appellate court affirmed that decision as well as the denial of additional motions for post-conviction relief.  Id. at 1315, 1317.

Among other things, Michael then filed a § 2254 petition in the United States District Court for the Southern District of Florida. *See* <u>Michael v. Moore</u>, 2:02cv14056-KMM (S.D. Fla.).  By order filed December 19, 2003, the district court adopted the magistrate judge's Report and Recommendation and denied the § 2254 petition.  *See id.* ECF No. 48 (Order Adopting Magistrate's Report and Recommendation), ECF No. 35 (Report and Recommendation).  Michael also filed a § 1983 case in this Court, which was dismissed by order on March 27, 2008, for failure to state a claim.  *See* <u>Michael v. Fla. Parole Comm'n</u>, 4:07cv545-WS/WCS (N.D. Fla.).

As indicated above, and in this Court's previous orders, Michael filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in November 2022, apparently challenging the execution of her sentence. ECF No. 1; *see* ECF No. 5.  She raises two grounds in her petition:

(1) "The State of Florida imposed, affirmed, and re-affirmed the Petitioners life sentence in violation of the United States

      Constitution U.S.C.A. 5th, 6th, 8th, and 14th Amendment, The United States Supreme Court rule of law, the Florida Constitution Art 1 Section 17." ECF No. 1 at 10.

(2) "Florida Governor Ron DeSantis enforced the Petitioners life sentence (aka) death by Incarceration in violation of the United States Constitution 5th, 6th, 8th, and 14th Amendment, the United States rule of law, and the Florida Constitution Art. 1 Sect. 17. The Florida Courts Re-Affirmed the Petitioners life sentence secured in violation of the United States Constitution." *Id*. at 14.

Among other things, Petitioner asserts she is wrongfully imprisoned "beyond a maximum legal constitutional term of 40 years," ECF No. 1 at 23, and the Office of Executive Clemency denied her petition "in violation of the rules of clemency [which] required a notice of hearing and decision," *id*. at 14. She says she exhausted state remedies by filing a petition for writ of mandamus in the Second Judicial Circuit, Leon County, and appealing the denial thereof to the First District Court of Appeal (First DCA). *Id*. at 14-16. She has several attachments to her petition, including correspondence from the State of Florida, Office of Executive Clemency, which indicates her letter to the Governor has been forwarded to the Florida Commission on Offender Review, s*ee* ECF No. 1-1 at 14 (Exhibit C), and the First DCA's per curiam affirmance of her appeal in case No. 1D21-1828, *see id*. at 15 (Exhibit D).

      In a separate Notice to Invoke Statutory Equitable Tolling, Petitioner appears to argue her petition is timely. ECF No. 6. She again indicates

the Governor denied her petition for executive clemency/commutation and she has exhausted all available state remedies. *Id*. at 1.

In the motion to dismiss filed May 25, 2023, Respondent asserts Michael's petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(D) and should be dismissed. ECF No. 23 at 11-12. Respondent asserts that, contrary to Petitioner's argument in her supporting memorandum, the Florida Supreme Court's decision in Landrum v. State, 192 So. 3d 459 (Fla. 2016), does not apply to her and is not "her ticket to parole." *Id*. at 9. Respondent explains that in Landrum, the court held "it was unconstitutional to impose life without parole on a juvenile offender," and "Petitioner is an adult and Landrum does not help her." *Id*.

Regarding timeliness, Respondent asserts "[t]he factual predicate is the date Petitioner could have discovered through due diligence that she was not parole eligible" and "[t]he one-year limitations period began on that date." *Id*. at 11-12. Respondent indicates "[i]t is not exactly clear when Petitioner would have known she was parole ineligible," but she at least knew it as of the time she "filed her Petition for Writ of Mandamus on June 24, 2005[,] challenging her parole ineligibility." *Id*. at 12. Respondent explains that Michael's AEDPA time was tolled while she exhausted her claim in the state

circuit and appellate courts, and the one-year limitations period began to run on November 6, 2007, when the First DCA issued its mandate in case number 1D06-2968. *Id*. Respondent indicates Michael "had nothing pending in the years between 2007 and 2020 that would keep the clock running," Michael's petition filed in state court in 2020 could not toll the limitations period because it had expired by then, and her federal petition was filed November 15, 2022, "long after the limitation period under subsection D had run." *Id*. Accordingly, Respondent requests the Court dismiss Michael's habeas petition. *Id*.

In reply, Michael asserts her petition for writ of mandamus "for the first time raised Petitioners excessive and disproportionate Life (aka) Death by incarceration sentence was secured in violation of the Constitution 5, 6, 8 and 14th Amendments Invoking Jackson, Solem, and Weems." ECF No. 29 at 10. She indicates she exhausted her administrative remedies, as required. *Id*. She asserts the issue of "Parole eligibility was disposed of in State and Federal Court" and is "not before this Court in Petitioner's Habeas Corpus petition." *Id*. at 11. She asserts, "Parole is a nonissue." *Id*. She states she "had a constitutional and statutory right under Fl. Const. Art IV section 8(a) and F.S. 940.01 to file a commutation petition on an illegal and

unconstitutional sentence." *Id*. at 13. In particular, Michael asserts the following, with a citation to section 775.082(3)(a), Florida Statutes:

> A right to raise her constitutional questions to the Governor of Florida whom had a nondiscretionary ministerial duty to protect the Petitioner's constitutional rights. To commute her illegal and unconstitutional sentence to one that comports with the federal constitution and clearly established federal law, and the Florida constitution and the retroactive 2016 decision by the Florida Supreme Court, to a term of years not exceeding 40.

*Id*. Petitioner asserts she did have EC #182997 Commutation Petition pending after 2007, as well as "Case 92-502-CFA in 2018 Petitioner's Motion for Judicial Sentencing Review under the Florida Supreme Court's 2016 retroactive decision in Landrum Held F.S. 775.082(3)(a) Unconstitutional." *Id*. at 14. She asserts the Florida Supreme Court's decision in Landrum applies in her case. *Id*. at 20. In particular, she asserts:

> The Identified anomaly in the law from October 1, 1983 thru May 24, 1994 F.S. 775.082(1) and F.S. 775.082(3)(a). Prisoners convicted of first-degree murder sentence to 25 years to life with parole. Prisoners convicted of second-degree murder are sentenced to a greater and harsher penalty of life (aka) death by incarceration.

*Id*. at 22.

She asserts her "sentencing judgment entered on December 11, 1992 is ab initio void" and she "continues to be unjustly and wrongfully imprisoned beyond a maximum legal and constitutional limit of 40 years." *Id*. at 26.

Case No. 4:22cv414-MW/MAF

She asserts "[t]he Governor neglected his non-discretionary ministerial duties to the Petitioner." *Id*.

Petitioner asserts entitlement to equitable tolling, *id*. at 14-15, and asserts she "is innocent of a life sentence," *id*. at 15. She asserts she was penalized "for refusing to plead guilty to first-degree murder, and was punished for exercising her constitutional rights to plead not guilty and demand a trial by Jury, by imposing a greater penalty in violation of the constitution 5, 6, 8, & 14th Amend." *Id*. at 16.

Petitioner also asserts that on October 26, 2007, "the trial court issued a pro se bar on Indigent Petitioner's case 92-502-CFA after numerous attempts to correct her illegal and unconstitutional sentence." *Id*. at 18. She asserts "[t]he court order without a hearing to determine ability to pay required the Indigent Petitioner to pay the cost and fees associated with hiring an attorney to file future litigation, and this "order runs afoul of state exhaustion and AEDPA time limitations to exhaust future ripe sentencing claims, such as unjust and wrongful imprisonment beyond 40 years." *Id*.

## Analysis

To the extent Petitioner Michael challenges the state trial court's upward departure from the sentencing guidelines and imposition of a life

sentence for her conviction of second-degree murder, she has previously raised the same or similar argument in state court and in a § 2254 petition filed in the Southern District of Florida in 2002, which that court denied December 19, 2003. *See* Michael v. Moore, 2:02cv14056-KMM, ECF No. 48 (Order Adopting Magistrate's Report and Recommendation), ECF No. 35 (Report and Recommendation). Significantly, in the objections filed by her and by her attorney to the Report and Recommendation, arguments were made addressing the fact that her sentence was parole ineligible. *See id*. ECF Nos. 46, 47. On appeal, the Eleventh Circuit affirmed the district court's denial of habeas relief. Michael v. Crosby, 430 F.3d 1310 (11th Cir. 2005). Any subsequent federal habeas challenge to her conviction and sentence is successive and cannot be considered by a district court without an order from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). *See, e.g.*, Burton v. Stewart, 549 U.S. 147, 157 (2007) (holding federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing

him to file second petition); *see also* Rule 9, Rules Gov. § 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

To the extent Petitioner Michael challenges the Florida clemency process or denial of clemency, she has no right to clemency that she may enforce through a federal habeas petition. See <u>Valle v. Sec'y, Fla. Dep't of Corr.</u>, 654 F.3d 1266 (11th Cir. 2011); *see also* ECF No. 13 at 4 (Amended Report and Recommendation, noting Eleventh Circuit's holding in <u>Valle</u>). In <u>Valle</u>, a Florida state death row inmate filed a § 2254 petition asserting "he was denied clemency proceedings or alternatively was denied clemency itself without the benefit of a clemency investigation and clemency counsel." 654 F.3d at 1267. The U.S. District Court for the Southern District of Florida dismissed the petition and the Eleventh Circuit affirmed. *Id*. at 1267-68. In its opinion, the Eleventh Circuit explained that complaints about Florida's clemency procedures may only be brought under 42 U.S.C. § 1983:

> Petitions under § 2254 cannot be brought to challenge the process by which clemency decisions are made when the issuance of a writ would not actually or impliedly invalidate a sentence. See <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 . . . (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or

> speedier release for the prisoner"); Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (recognizing that § 1983 and § 2254 proceedings are "mutually exclusive" so that if a claim can be properly raised in one of those proceedings it cannot be raised in the other type of proceeding). Federal habeas corpus law exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release. *See* 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 485-86 . . . (1973) (discussing the traditional scope of habeas corpus relief). Even if successful, Valle's claim would not necessarily lead to his speedier release, a commutation of his sentence, or even the implication that his sentence is invalid. The most Valle can hope for is an opportunity to plead for mercy. Valle's constitutional claims about clemency procedures are collateral to his conviction and sentence, and are not cognizable in this § 2254 proceeding. His complaint about Florida's clemency procedures may only be brought under 42 U.S.C. § 1983.

*Id*. The Eleventh Circuit rejected Valle's argument that he was entitled to clemency, explaining that the exercise of the clemency power is discretionary and not enforceable through a habeas petition:

> To the extent that Valle argues he is entitled to clemency, his argument fails. Clemency is granted as "a matter of grace." Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 280-81 . . . (1998). The Florida Constitution vests the clemency power solely in the executive branch, and exercise of the power is discretionary. Fla. Const. art. IV, § 8; Sullivan v. Askew, 348 So. 2d 312, 314-16 (Fla. 1977). Valle thus has no right to clemency that he may enforce through his habeas petition. The district court correctly dismissed Valle's § 2254 petition.

*Id*. at 1268.

Case No. 4:22cv414-MW/MAF

## Conclusion

Therefore, it is respectfully **RECOMMENDED** that the § 2254 petition, ECF No. 1, be **DISMISSED** as it raises grounds that are either unauthorized successive claims or not cognizable in federal habeas proceedings. Respondent's motion to dismiss, ECF No. 23, should be **DENIED as moot**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing). Thus, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The

parties shall make any such argument by filing objections to the Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is respectfully **RECOMMENDED** that the § 2254 petition, ECF No. 1, be **DISMISSED** as it raises grounds that are either unauthorized successive claims or not cognizable in federal habeas proceedings.  Respondent's motion to dismiss, ECF No. 23, should be **DENIED as moot**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2023.

                        S/ Martin A. Fitzpatrick
                        **MARTIN A. FITZPATRICK**
                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.**

**Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**